UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LACONIA PROPERTIES LLC.,                                            07 CIV 6220 (LAP)

                              Plaintiff,                   **RULE 34**
                                                 **DEMAND FOR**
      -against-                                                       **PRODUCTION**

TRAVELERS PROPERTY CASUALTY                                         Judge Loretta A. Preska
COMPANY OF AMERICA a/k/a ST PAUL
TRAVELERS INSURANCE COMPANY,

                              Defendant.
-------------------------------------------------------------------X

      Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, incorrectly sued herein as TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/k/a ST PAUL TRAVELERS INSURANCE COMPANY, hereinafter referred to as "TRAVELERS", by its attorneys, SPEYER & PERLBERG, LLP, 115 Broadhollow Road, Suite 250, Melville, New York 11747, submits to Plaintiff the following demands which are to be answered in accordance with the procedures specified by Rule 34 of the Federal Rules of Civil Procedure. Unless otherwise indicated, all information is requested as of the date of the answers to these demands.

      These demands shall be deemed continuing, so as to require supplemental answers if Plaintiff obtains further information between the time answers to the within demands are served and the time of trial.

## *INTRODUCTION AND DEFINITIONS*

A.  These demands are for the purpose of discovery only. We do not hereby waive any objections to the production of evidence at trial on subjects covered by these demands.

B.  These demands seek answers as of the date hereof but shall be <u>deemed to be continuing</u> so that any additional information relating in any way to these demands which you acquire or which becomes known up to and including the time of trial shall be furnished promptly after such information is acquired or becomes known.

C.  Possession by a person includes the possession, custody or control by the person and also by his or her agents, officers, employees, representatives, consultants, accountants and attorneys, and any predecessors, subsidiaries, controlled and affiliated companies, and their agents, officers, employees, representatives and attorneys, to the fullest extent the context permits.

D.  Property. The term "Property" refers to the property located at 4125 – 4141 Laconia Avenue, Bronx, New York.

E.  TRAVELERS and Defendant. The terms "TRAVELERS" and "Defendant" refer to the Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, incorrectly sued herein as TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/k/a ST PAUL TRAVELERS INSURANCE COMPANY and its officers, employees, representatives and agents.

F.   LACONIA and Plaintiff.  The terms "LACONIA" and "Plaintiff" refer to the Plaintiff LACONIA PROPERTIES LLC and its officers, employees, representatives and agents.

G.   Loss.  The term "Loss" refers to alleged damage occurring to the property on or about July 14, 2006, as alleged in Plaintiff's Complaint.

<u>Pursuant to Local Civil Rule 26.3, the following definitions apply to the within discovery requests.</u>

H.   Communication.  The term "communication means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

I.   Document.  The term "document" is defined to be synonymous in meaning and equal scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

J.   Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

K.  Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

L.  Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

M.  Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

N.  Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

O.  The following rules of construction apply to all discovery requests:

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

## DEMANDS

1. Appraisal and/or valuation reports regarding the Property for the period beginning one (1) year prior to Plaintiff's purchase of the Property to date.

2. Employment records of any employee, agent or representative retained by the Plaintiff to manage the Property within three (3) years preceding the Loss to date.

3. Documents reflecting the address and percentage of ownership interest in LACONIA held for each individual, partnership, corporation or otherwise identified in the Plaintiff's "Rule 7.1 Disclosure".

3. Contracts, deeds, closing statements and other documents reflecting Plaintiff's purchase and ownership of the Property.

4. Contracts, estimates, receipts and proofs of payment reflecting Plaintiff's capital improvements made to the Property related to the parapet wall, roof, and signage upon the Property from the date of the Plaintiff's purchase of the Property to the date of Loss.

5. Documents reflecting the existence, nature and custodian of any samples of material, debris, structure, etc. taken from the site of Loss for testing and/or analysis within three (3) years preceding the Loss to date and the identify all laboratories or others who conducted such tests.

6. Color photographs taken of the subject Property within five (5) years preceding the Loss.

8. Color photographs taken of the subject Property after the date of Loss which depict the damage claimed in the complaint.

9. Estimates, bills, invoices and cancelled checks reflecting renovations and/or repairs to the Property, in particular to the parapet wall and/or roof, from the time of Plaintiff's purchase of the Property up to the date of Loss.

10. Permit applications, permits, violations, orders (including vacate or emergency repair orders, directives and certificates of occupancy filed with or issued by the New York City Department of Buildings or any other governmental agency with regard to the Property from the time of Plaintiff's purchase of the Property to date.

11. Applications for insurance and documents reflecting communications between Plaintiff and TRAVELERS or any insurance broker with regard to the issuance, changes to, or continuation of the insurance policy sued upon.

12. Reports, correspondence, memoranda and other documents regarding the damage alleged in the complaint.

13. Documents reflecting the identity of any employee, agent or representative of Plaintiff with knowledge of the Loss.

14. Documents reflecting police department activity on the date of Loss as alleged by Plaintiff in the complaint.

15. The "Proof of Loss" that Plaintiff presented to TRAVELERS as alleged in the complaint.

16. Receipts, estimates, invoices, bills and all other memoranda reflecting the computation of and method used to compute damages of "no less than USD $258,716.92 for building repair" as alleged in the complaint.

17. Receipts, estimates, invoices, bills, cancelled checks and all other memoranda reflecting renovations and/or repairs to the Property, in particular to the parapet wall and/or roof, from the date of Loss to date.

18. Estimates, bills, receipts, invoices, cancelled checks and all other memoranda reflecting the costs that the Plaintiff incurred to remove of debris from the Property following the Loss.

19. Receipts, estimates, invoices, bills and all other memoranda reflecting the computation of and method used to compute damages of "no less than USD $103,715.00 as business interruption for lost rents" as alleged in the complaint, including the method used to determine the dates on which to begin and end the computation for each separate rental unit.

20. Copies of leases pertaining to units for which the Plaintiff claims lost rental income that have not previously been provided to TRAVELERS.

21. Receipts and proofs of payment pertaining to units for which the Plaintiff claims lost rental income for the period of three (3) years preceding the Loss to date.

22. Documents reflecting reports of tenant complaints in regard to cracks, water leak or structural condition of the Property, including settlement of the building or any part thereof, for the period of one (1) year prior to the Loss.

23. Rent rolls, including records or receipts for monthly rents received by the Plaintiff for lease of the insured property for the period of July 1, 2005 through July 1, 2007.

24. Correspondence, reports and memoranda pertaining to units for which the Plaintiff claims loss of rental income in connection with this Loss.

25. Documents reflecting the date, if any, that each tenant vacated the premises as a result of the Loss for each unit for which the Plaintiff claims lost rental income.

26. Documents reflecting the date, if any, that each tenant was permitted to return to the unit for which the Plaintiff claims lost rental income.

27. Documents reflecting the dates, if any, that each tenant actually returned to its respective leased unit.

28. Corporate tax returns, financial statements and income statements filed by the Plaintiff for the years 2004, 2005 and 2006.

Dated: Melville, NY
October 19, 2007

        Yours, etc.

        SPEYER & PERLBERG, LLP

By: _____
Marie E. Garelle (MG-1217)
SPEYER & PERLBERG LLP
Attorneys for Defendant
115 Broadhollow Road, Ste 250
Melville, NY  11747
(631) 673-6670
Our File No.:  07-0149   DMP/MEG (23)

TO: NESCI KEAN PIEKARARSKI
KEOGH & CORRIGAN, ESQS.
Attorneys for Plaintiffs
245 Main Street, Suite 600
White Plains, NY 10601
(914) 299-6200
File No.: 06-159/216569

*S:/Current/MEG/Laconia/Legal/Rule 34 Demands.doc*