LACONIA PROPERTIES, LLC – against – TRAVELERS
07 CIV 6220 (LAP)

PROPOSED VOIR DIRE QUESTIONS BY DEFENDANTS

KNOWLEDGE OWNERSHIP/MANAGEMENT OF COMMERCIAL APARTMENT, RETAIL OR MIXED-USE BUILDING?

1. Do you own or manage, or have you ever owned or managed, or have close friends/family that have owned or managed a commercial building such that you became aware of the responsibilities associated with that management?

    a. What was there relationship to you?

    b. What was the nature of the responsibilities to the ownership or management of the building? Did it include the handling of insurance matters for the building?

    c. Will you be able to set aside your individual experiences/ knowledge in this regard and base any decisions upon the evidence as it is presented to you within this courtroom?

PRIOR LOSSES, CLAIMS AND EXPERIENCES WITH INSURANCE COMPANIES

2. Have you ever suffered a loss or damage to property you owned or were otherwise responsible for? Did you made a claim to an Insurance Company for this damage?

    a. What Insurance Company was it?

    b. What was the nature of the damage?

    c. Did you participate in or become aware of the investigation into and adjustment of that claim with the insurance carrier?

    d. Was the matter resolved to satisfactorily to the insured?

    e. If not, what was the source of the dissatisfaction with the process and/or the resolution?

    f. Will you be able to set that experience aside and fairly listen to and evaluate only that evidence which is presented in this case or do you think it will influence you in hearing this matter?

    2. This case involves a claim made by a relatively small company that suffered damage to its building for which it made an insurance claim against its carrier.

    a. Will the fact that it is an insurance carrier that is to pay any verdict in this matter cause you to give any preference to the plaintiff, due to the fact that it is a small building owner who is fighting an Insurance Company?

    b. Can you assure us that you will be able to judge the evidence even handedly without consideration of the relative sizes and assets of the two parties or will you feel compelled to give the little guy the benefit of the doubt against the insurance company?

3. Do you or any member of your family or close friends ever worked for an insurance company ? In what capacity? Is there anything in that experience that would cause you to draw any conclusions in this matter based upon that experience.

4. Do you have strong feelings about insurance companies?

    a. Can you please articulate those feelings?

    b. Will your feelings cause you to be pre-disposed toward the insured in this lawsuit who has sue its carrier for coverage under its policy of insurance?

5. Is there anyone who feels that if a person or business purchases an insurance policy and pays its premium that it should be covered for every loss to its property while the policy is in effect, regardless of the cause of that loss?

6. Can you accept that the policy provides only the coverage set forth in its contract of insurance with the insured; no less and no more?

7. Can you accept that sometimes a loss does not fall within the terms and conditions of the actual coverage the insured purchased? Or that the coverage for the item is limited in amount and in circumstance?

8. Can you accept that not every loss is covered and apply the policy terms and conditions to the loss, with the help of the judges instructions, to determine if this loss was covered or excluded from coverage under the policy?

9. If you determine that the loss event was covered can you then fairly consider and determine whether and to what extent the damages are covered or excluded under the terms and conditions of the policy?

10. Does the single fact that an insurance company denied a claim, cause you to draw any conclusions about the propriety of the insurer's or the insured's conduct?

11. Does the single fact that an insured made a claim to an insurance company cause you to draw any conclusions about the right of the insured to collect under the policy? Do you feel that, if someone presents a claim to an insurer, that there must be some coverage for the loss?

12. Are you or are you affiliated with any structural engineers? Will that impact the way you view the testimony of any structural engineers called to testify in this matter?

13. Specifically, do you know or have you associated in any way with:

    a. Bradley Huntington;

    b. Tri-State Engineering;

    c. Neil Schmelkin;

    d. The engineering firm of Tauscher, Chronicher.

14. If structural engineers are called to testify, can you promise to listen carefully to assess their reliability and the reasonableness of their statements and opinions, just as you would with any other witness?

Respectfully Submitted,

Marie E. Garelle