## LACONIA PROPERTIES, LLC – against – TRAVELERS
## 07 CIV 6220 (LAP)

## MOTION IN LIMINE RE: EVIDENCE OF ALLEGED UNTIMELY DENIAL OF COVERAGE

I submit this affirmation in support of the motion of Defendant Travelers for an order *in limine* prohibiting the Plaintiff from offering testimony regarding the alleged untimely denial of coverage by the Defendant on the grounds that it is irrelevant, immaterial and prejudicial to the Defendant.

Plaintiff claims that Travelers failed to deny coverage in a timely fashion because it did not deny coverage within 30 days after the receipt of a proof of loss as required by the policy. It relies upon that portion of the policy that provides that Travelers will notify the insured whether it intends to repair, rebuild, or replace the premises once coverage has been established. See E.4.a. - c at page 11 and 12 of 18.

The policy provides that payment is due 30 days after Travelers receives the sworn proof of loss from the insured, and reaches an agreement as to the amount of loss or an appraisal award is made[1]. The time to deny coverage cannot accrue before the company would otherwise have a duty to pay the loss. Because no proof of loss was ever received by Travelers from the Plaintiff, no agreement was reached as to the amount of the loss, and no appraisal award was made, Traveler's duty to deny coverage was never triggered.

---

[1] "We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:
(1) We have reached agreement with you on the amount of loss; or
(2) An appraisal award has been made."
                                                      E.4.a. - c at page 11 and 11 of 18

1

Assuming, without conceding, that Travelers did fail to provide a timely denial of coverage letter, such failure is inconsequential in the facts of this case.

It is settled law in this jurisdiction that the failure to deny coverage under a first-party property insurance policy, which does not involve personal injury, does not create a waiver or an estoppel to deny coverage on the merits. In *Schiff v Flack,* 51 N.Y.2d 692, 417 N.E.2d 84, 435 N.Y.S.2d 972 (1980), the defendant insurance company defended a claim on grounds that were not included in its letter declining coverage. The Court held that failure to deny coverage on exclusions to the policy does not waive the right of the right of the insurer to defend an action on those exclusions, to wit:

> Just as [the insuring agreement] affirmatively indicates the coverage which is included, so does the "exclusion" clause tell us expressly what is not. In policies so drawn, the protection the insured has purchased is the sum total, or net balance, however one labels it, of a coming together of the two. For it is not either alone, but the combination of both, which defines the scope of the protection afforded . . .
>
>  * * *
>
> Thus, for the insured to extend its coverage to more than it originally bargained, it would have had to enter into a supplemental contract expanding the insuring clause or contracting the exceptions. However, this **extension of coverage cannot be attained by waiver**, which is a voluntary and intentional relinquishment of a known right. (citations omitted) (emphasis supplied).
>
> Also see *NY Univ. v. Continental*, 87 NY2d 308, 662 NE2d 763, 639 NYS2d 283 (1995) ("Coverage is the net total of policy inclusions minus exclusions and the failure to disclaim based on an exclusion will not give rise to coverage that does not exist… coverage based

2

on a policy exclusion can be defeated only be estoppel. Here, the insurer did nothing which should have led plaintiff to belief it was providing coverage for the claimed loss.")

The Plaintiff in the instant case has offered no proof or allegation that Travelers did anything to mislead it into thinking the claim would be paid. Further, the Defendant placed the Plaintiff on notice that it was reserving its right to deny the claim by letter dated July 18, 2006. (Exhibit A). Therefore, evidence by the Plaintiff that Travelers allegedly failed to deny coverage in a timely manner should be excluded as irrelevant, immaterial and prejudicial to the Defendant.

        SPEYER & PERLBERG, LLP
        Attorneys for Defendant

By: _____
        Marie E. Garelle (MG-1217)
        115 Broadhollow Road, Suite 250
        Melville, New York 11747
        (631) 673-6670

**ST PAUL TRAVELERS**

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
GERALD T LOWENWIRTH
P.O. BOX 9093
MELVILLE  NY  11747
(800) 987-4735 X 2348
(914) 251-2348

July 18, 2006

LACONIA PROPERTIES LLC
21-11 31ST STREET

ASTORIA   NY   11105

| | |
|---|---|
| **Insured:** | LACONIA PROPERTIES LLC |
| **Policy Number:** | IJ660  -3891B218 |
| **Claim/File #:** | 022 FR CEJ0194 T |
| **Date of Loss:** | 07/18/2006 |
| **Location of Loss:** | LACONIA AVE |
| | BRONX  NY |
| **Reference #:** | PARAPET WALL |

Dear  LACONIA PROPERTIES LLC

This is to notify you that we will proceed with the investigation of your claim with the understanding that we reserve the right to deny coverage for all or part of your loss at a future date. We will be conducting an investigation into the facts of the loss and our coverage obligations. The conducting of this investigation does not waive our rights under the contract to disclaim coverage in the future.

It is our purpose that neither you nor we be prejudiced by any activity undertaken in the investigation of the loss and that all policy conditions and defenses will remain in full force and effect.

We ask that you review your policy and comply with all of its terms and conditions and take such actions that are necessary to protect your property and interest.

If you have any questions, please feel free to call me at the number listed below.

Sincerely,
GERALD T LOWENWIRTH
SR CL REP
(914) 251-2348
**Fax:**
**Email:**

P0067 2/01