UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LACONIA PROPERTIES LLC.,

                              Plaintiff,           07 CIV 6220 (LAP)

- against –                            **DEFENDANT'S SUPPLEMENTAL REQUEST TO CHARGE**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/k/a ST PAUL
TRAVELERS INSURANCE COMPANY,

                              Defendant.
------------------------------------------------------------X

       Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, incorrectly sued herein as "TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/k/a ST PAUL TRAVELERS INSURANCE COMPANY" by its attorneys Speyer & Perlberg, LLP, submits the following supplemental requests to charge:

## BURDEN OF PROOF (PJI 1:23)

       The burden of proof rests on the plaintiff. First, plaintiff must establish by a fair preponderance of the credible evidence that it is entitled to benefits under the insurance policy and, second, it must prove the amount of the loss. The credible evidence means testimony or exhibits that you find to be worthy to be believed. A preponderance of the evidence means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, it's convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiff to prevail on a claim,

the evidence that supports its claim must appeal to you as more nearly representing what took place than the evidence opposed to its claim. If it does not, or if it weighs so evenly that you are unable to say that there is preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of plaintiff.

Defendant has the burden of proof by a preponderance of the evidence that the loss was caused by one of the perils that are excluded from coverage in this policy of insurance. Defendant claims that the following excluded perils caused the damage to plaintiff's building: Wear and tear and decay; and faulty inadequate or defective construction and maintenance. [See Request To Charge dated November 30, 2007]

If you find that the preponderance of evidence is that one or more than one of these excluded perils caused the damage, you must find for the defendant. If you find that defendant has not proved that one or more than one of these excluded perils caused the damage, you must next consider the exclusion provided in the policy for collapse.

Plaintiff claims that its property was damaged as a result of a collapse occurrence and is seeking recovery from defendant under the insurance policy in question. The insurance policy provides coverage for direct physical loss of or damage to covered property caused by or resulting from any covered cause of loss is unless specifically excluded. Once plaintiff has met its burden of proof and shown by a fair preponderance of credible evidence that the loss and

damage sustained was caused by a covered cause of loss, the burden shifts to defendant to prove by a fair preponderance of evidence that a policy exclusion applies. In the instant matter is agreed by both parties that the loss herein was caused by collapse. Under the subject insurance policy issued by defendant, collapse is an excluded cause of loss. Therefore, the burden shifts back to plaintiff to show by a fair preponderance of the evidence that the cause of the collapse in this case was one of the enumerated causes under the exception the exclusion contained in the policy's "Additional Coverage - Collapse" provision.[1] Here, plaintiff claims that the damage was caused by weight of personal property, specifically the weight of a sign affixed to the wall that collapsed. Loss, caused by weight of personal property is an exception to the collapse exclusion. If you find that plaintiff has proved by a preponderance of the evidence that the cause of this loss was the weight of the sign that was attached to the wall, you will find that the exclusion for collapse is not applicable. You will therefore find for the plaintiff unless you have found that the cause of the damage was otherwise excluded by the policy, in which event you will find for the defendants

If you find that plaintiff has proved by a preponderance of the credible evidence that the collapse in this case was caused by one of the specified causes set forth in the additional coverage for collapse provision, then you will find for plaintiff. If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the damage caused by collapse was a result of one of

---

[1] *ITT Industries, Inc. v. Factory Mut. Ins. Co.*, 303 A.D.2d 177, 756 N.Y.S.2d 188 (1st Dept. 2003); *Monteleone v. Crow Constr. Co.*, 242 A.D.2d 135, 139, 673 N.Y.S.2d 408, 411 (1st Dept. 1998).

the specified causes set forth in the additional coverage for collapse provision, then you will find for defendant.

## EXPERT WITNESS (PJI 1:90)

You will recall that witnesses testified concerning their qualifications as experts in the fields of engineering and gave their opinions concerning the issues in this case. When a case involves a matter of science or art or requires a special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his opinion for the information of the court and jury. The opinions stated by each expert who testified before you were based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorneys who questioned the expert asked the expert to assume. You may reject the expert's opinion if you find the facts to be different from those which formed the basis for the opinion. You may also reject the opinion if, after careful consideration of all the evidence of the cases, the expert and others, you disagree with the opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

**EXPERT WITNESSES**
**(FEDERAL JURY PRACTICE AND INSTRUCTIONS §104.40)**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that is outweighed by other evidence, you may disregard the opinion entirely.

Dated: Melville, New York
       December 3, 2007

>                    Respectfully submitted,
>
>                    SPEYER & PERLBERG, LLP
>                    Attorneys for Defendant
>
>             By:    _____
>                    Marie E. Garelle (MG-1217)
>                    115 Broadhollow Road, Suite 250
>                    Melville, New York 11747
>                    (631) 673-6670
>                    garelle@speyerperlberg.com