UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LACONIA PROPERTIES LLC.,

                              Plaintiff,              07 CIV  6220  (LAP)

   - against –                                              Honorable Loretta
                                                                      A. Preska
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/k/a ST PAUL
TRAVELERS INSURANCE COMPANY,

                              Defendant.
-----------------------------------------------------------------X

### DEFENDANT'S PROPOSED VERDICT SHEET

     1.    Did the **Plaintiff** meet its burden of proof by a preponderance of the credible evidence that the loss to its property was a "Fortuitous Loss?" All jurors must agree on the answer to this question.

YES                               NO

IF YOUR ANSWER TO QUESTION ONE WAS YES, PROCEED TO QUESTION TWO.

IF YOUR ANSWER TO QUESTION ONE WAS NO, PROCEED NO FURTHER AND REPORT YOUR VERDICT TO THE COURT.

     2.    Did the **Defendant** prove that the loss was caused by the exclusion to coverage contained in the policy of insurance for losses caused by or resulting from wear and tear? All jurors must agree on the answer to this question.

YES                               NO

IF YOUR ANSWER TO QUESTION TWO WAS NO, PROCEED TO QUESTION THREE.

IF YOUR ANSWER TO QUESTION TWO WAS YES, PROCEED NO FURTHER AND REPORT YOUR VERDICT TO THE COURT.

IF YOU CANNOT REACH A UNANIMOUS DECISION AFTER DUE DELIBERATION, (SO NOTE AND PROCEED TO THE NEXT INQUIRY) OR (REPORT TO THE COURT FOR FURTHER INSTRUCTION).

NOT UNANIMOUS

3.	Did the **Defendant** prove that the loss was caused by the exclusion to coverage contained in the policy of insurance for losses caused by or resulting from deterioration? All jurors must agree on the answer to this question.

YES			NO

IF YOUR ANSWER TO QUESTION THREE WAS YES, PROCEED NO FURTHER AND REPORT YOUR VERDICT TO THE COURT.

IF YOUR ANSWER TO QUESTION THREE WAS NO, PROCEED TO QUESTION FOUR.

IF YOU CANNOT REACH A UNANIMOUS DECISION AFTER DUE DELIBERATION, (SO NOTE AND PROCEED TO THE NEXT INQUIRY) OR (REPORT TO THE COURT FOR FURTHER INSTRUCTION).

NOT UNANIMOUS

4.	Did the **Defendant** prove that the loss was caused by the exclusion to coverage contained in the policy of insurance for losses caused by or resulting from any quality in the property that causes it to destroy itself? All jurors must agree on the answer to this question.

YES			NO

IF YOUR ANSWER TO QUESTION FOUR WAS YES, PROCEED NO FURTHER AND REPORT YOUR VERDICT TO THE COURT.

IF YOUR ANSWER TO QUESTION FOUR WAS NO, PROCEED TO QUESTION FIVE.

IF YOU CANNOT REACH A UNANIMOUS DECISION AFTER DUE DELIBERATION, (SO NOTE AND PROCEED TO THE NEXT INQUIRY) OR (REPORT TO THE COURT FOR FURTHER INSTRUCTION).

NOT UNANIMOUS

5.	Did the **Plaintiff** prove that the collapse loss was caused by the weight of personal property, in this case the weight of the affixed signs? All jurors must agree on the answer to this question.

YES			NO

IF YOUR ANSWER TO QUESTION FIVE WAS NO, PROCEED NO FURTHER AND REPORT YOUR VERDICT TO THE COURT.

IF YOUR ANSWER TO QUESTION FIVE WAS YES, PROCEED TO QUESTION SIX.

    6.    What was the total reasonable cost to repair the portion of the parapet wall that was directly damaged by the collapse?

    AMOUNT:    $_____

PROCEED TO QUESTION 7.

    7.    What is the reasonable number of days that it should have taken the Plaintiff to repair the portion of the parapet wall that was directly damaged by collapse?[1]

Each juror must sign below

_____    _____

_____    _____

_____    _____

_____

Dated: Melville, NY
December 4, 2007

                  Yours, Etc.
                  SPEYER & PERLBERG, LLP
                  Attorneys for Defendant

        By:   _____
                  Marie E. Garelle
                  Our file No. **07-149 MEG (23)**.

---

[1] TO THE COURT: Defendant does not challenge the monthly rent roll presented by the Plaintiff. If the jurors determine the number of days to reasonably repair the covered damage from collapse, a calculation dividing the monthly rental to achieve a daily rate and deducting there from the 3-day (72 hour) waiting period will result in a dollar amount for the loss of rents.

3