UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LACONIA PROPERTIES LLC.,

                              Plaintiff,                      07 CIV  6220  (LAP)

                – against –                   **DEFENDANT'S AMENDED REQUEST TO CHARGE**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/k/a ST PAUL
TRAVELERS INSURANCE COMPANY,

                             Defendant.
------------------------------------------------------------X

      Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, incorrectly sued herein as "TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/k/a ST PAUL TRAVELERS INSURANCE COMPANY" by its attorneys Speyer & Perlberg, LLP, submits the following requests to charge:

### FORTUITOUS EVENT[1]

      In this matter, the policy only provides coverage for the happening of a fortuitous event. The plaintiff has the burden of proof by a preponderance of the evidence to show that the loss and damage claimed herein was caused by fortuitous event. "Fortuitous event" means any occurrence or failure to occur which is, or is it assumed by the parties to be, a substantial event beyond the control of

---

[1] PLEASE NOTE THAT THIS SECTION IS THE ONLY ONE WHICH WE HAVE AMENDED. THE BALANCE OF THE REQUESTS TO CHARGE REMAIN THE SAME.

1

either party.[2]  Fortuitous loss has been defined as 'an event happening by chance or accident'. A loss resulting wholly from the nature and inherent qualities of the property insured or from the consummation during the period of coverage of an indwelling fault in the property that had existed prior to coverage or from deteriorating agents present within the property is **not** a fortuitous loss.[3]  To find for the Plaintiff, you must find by a preponderance of the credible evidence that a fortuitous event caused the parapet wall to collapse. If you find that the loss and damage resulted wholly from the nature and inherent qualities of the property insured, then your verdict will be for the Defendant.[4]

## WEIGHT OF PERSONAL PROPERTY

In this matter the policy expressly excludes losses caused by collapse except as specifically provided for. The plaintiff has the burden of proof by a preponderance of the evidence to show that the collapse was caused by one of the enumerated causes is set forth in the policy. In this matter, plaintiff claims the cause of the collapse is weight of personal property, to wit: weight of signs. In order to recover under the policy, the plaintiff must prove that the collapse of its building

---

[2] Ins. Law §1101(2)
[3] *80 Broad Street v. U.S. Fire Insurance Co.*, 88 Misc.2d 706, 389 N.Y.S.2d 214 (N.Y.Sup. Dec 17, 1975), affd. 389 N.Y.S.2d 214, 54 A.D.2d 888, 390 N.Y.S.2d 768 (1st Dept. 1976) *app.den.* 42 N.Y.2d 801, 366 N.E.2d 292, 397 N.Y.S.2d 1025 (N.Y. Jun 02, 1977). As such, losses that result from inherent defects or wear and tear do not constitute fortuitous losses under policy terms. *Id., Int'l Multifoods Corp.v. Commercial Union Insurance Co., supra., 40 Gardenville, LLC v. Travelers Property Casualty of America*, 387 F. Supp.2d 205 (W.D. N.Y. 2005).
[4] *Id.*

2

was caused solely by weight of the sign. If you find that the collapse was not caused by weight of personal property, then your verdict will be for the defendant.[5]

## ORDINANCE OR LAW

In this matter the policy excludes losses caused by ordinance, or law, regardless of any other cause or event that contributes concurrently or in any sequence to the loss. The defendant has the burden of proof by a preponderance of the evidence to show that the loss and damage claim by plaintiff was caused by the enforcement of any ordinance or law (1) regulating the construction, use or repair of any property; or (2) requiring the tearing down of any property, including the cost of removing its debris. The ordinance or law exclusion applies whether the loss results from: (1) an ordinance or law that is enforced even if the property has not been damaged; or (2) the increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property. If you find that the loss alleged in the complaint was caused directly or indirectly by the enforcement of any ordinance or law regulating the construction, use or repair of property or requiring the tearing down of property, including the cost of removing its debris, then your verdict will be for the defendant.

## WEAR AND TEAR AND DECAY, DETERIORATION

---

[5] The need for this charge will be obviated if this Court grants Defendant's motion *in limine* re expert testimony.

The defendant also contends that separate exclusions, for wear and tear; and rust, corrosion, decay, deterioration apply this matter. The defendant has the burden of proof by a preponderance of the evidence to show that one of these above listed exclusions caused the loss in this matter. If you find the loss and damage claim by plaintiff herein was caused by wear and tear; or rust, corrosion, decay, deterioration, then your verdict will be for defendant.

### FAULTY, INADEQUATE OR DEFECTIVE CONSTRUCTION AND MAINTENANCE

The defendant further contends that a separate exclusion for faulty, inadequate or defective construction and maintenance caused a loss in this matter. The applicable exclusion in the insurance policy reads as follows:

> **3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** and **3.b.** results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.
>
> \*   \*   \*
>
> **c.** Faulty, inadequate or defective:
>
> **(1)** Planning, zoning, development, surveying, siting;
>
> **(2)** Design specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> **(3)** Material used in repair, construction, renovation or remodeling; or
>
> **(4)** Maintenance;

4

of part or all of any property on or
off the described premises.

The defendant contends that the loss and damage here in was caused by or resulted from faulty, inadequate or defective: repair, construction, renovation, remodeling and maintenance of the building. If you find that the defendant proved by a fair preponderance of the evidence that the dominate, efficient cause of the loss was the faulty, inadequate or defective construction or maintenance of the building, then you must find that the loss is excluded under the above-quoted exclusion of the insurance policy and your verdict will be for the defendant.

## DAMAGES

If you decide that the plaintiff is entitled to recover under the insurance policy, you must then fix the amount of recovery. The plaintiff alleges that it has repaired the damage property and made full payment for such repairs. Your verdict, if you find for the plaintiff, will be the amount you calculate to be the cost of the repairs to the building and the actual amount plaintiff paid for such costs.

## LOSS OF RENTS

If you decide that the plaintiff is entitled to recover under the insurance policy, you may also find that the plaintiff is entitled to loss of rents. The defendant contends that the loss in this matter was not caused by, and did not result from, a covered cause of loss. The plaintiff contends that the loss did result from a covered cause of loss. If you agree with the defendant, then you

5

must find that the plaintiff is not entitled to recover damages for its alleged loss of rents. If you agree with the plaintiff, then you must determine the amount of damages that the plaintiff is entitled to recover from its loss of rents. In determining the amount of damages that you may award to the plaintiff for its alleged loss of rents, you must calculate the amount of time during which the plaintiff was unable to operate its business as a result of a loss. The insurance policy limits the plaintiff's recovery for loss of rents to the "period of restoration". Pursuant to the policy, the "period of restoration" began 72 hours after the time of direct physical loss or damage and ends on the earlier of: (1) the date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or (2) the date when business is resumed at a new permanent location. The "period of restoration" does not include any increased period required due to the enforcement of any ordinance or law that regulates the construction, use or repair, or requires the tearing down of any property. You must determine the date when the property should have been repaired, rebuilt or replaced with reasonable speed and similar quality. The policy provides the plaintiff is entitled to the actual lost of rental income it sustained, not including non-continuing charges and expenses. In calculating the loss of rents, you will decide what the rental income from the rented portions of the property is per day. You will then multiply that figure by the period of time starting 72 hours after the time of the direct physical loss and ending on the date you determined the property should have been repaired, rebuilt or replaced. To that figure, add an additional 30 consecutive days multiplied by the amount you

calculated as the lost daily rentals. From that calculation, you will deduct any non-continuing charges and expenses, which means expenses that do not

continue after the loss and damage to the building.

Dated: Melville, New York
November 30, 2007

                            Respectfully submitted,

                            SPEYER & PERLBERG, LLP
                            Attorneys for Defendant

By:   Marie E. Garelle (MG-1217)
      115 Broadhollow Road, Suite 250
      Melville, New York 11747
      (631) 673-6670
      garelle@speyerperlberg.com